UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 96-CR-565-MIDDLEBROOKS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

YOSVANY DIAZ,

       Defendant.
_____/

**REPORT AND RECOMMENDATION OF CHANGE OF PLEA**

**THIS CAUSE** is before the undersigned upon an Order of Reference from the Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, to conduct a hearing for acceptance of a guilty plea by the defendant in the above-referenced case. **[DE 557]**. This Court, having conducted a change of plea hearing on April 20, 2010, makes the following recommendation:

    1.    On April 20, 2010, this Court convened a hearing to permit Defendant to enter a change of plea in this case. This Court advised Defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the agreement of Defendant, defense counsel, and the Assistant United States Attorney assigned to the case. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence and would conduct a sentencing hearing at a time set by the

Case No.: 96-CR-565-MIDDLEBROOKS

District Court.

2.    This Court advised Defendant that Defendant did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could require that the change of plea hearing be conducted only by a United States District Judge. Defendant, defense counsel, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3.    This Court conducted a plea colloquy as to Defendant in accordance with the outline set forth in the Bench Book for District Judges (5th Edition).

4.    There is a written plea agreement in this case that has been entered into by the parties in this case. **[DE 568]**. This Court reviewed the plea agreement on the record and had Defendant acknowledge that Defendant signed the plea agreement. This Court also made certain that Defendant was aware of any minimum mandatory sentence and maximum sentence which could be imposed in this case pursuant to the plea agreement and the applicable statutes.

5.    Defendant YOSVANY DIAZ, pled guilty to Counts 3, 6, and 7 set forth in the Third Superseding Indictment as follows:

### Count III

From on or about May 13, 1996, to on or about June 11, 1996, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants, JOSE C. MORIN, LARRY MACKEY, CARLOS ALBERTO PRIETO, ALEXYS ARREDONDO, YOSVANY DIAZ, and JOEL SOCORRO, did knowingly and unlawfully combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury, to obstruct, delay and affect commerce and the movement of articles and commodities in commerce, by robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b), by unlawfully taking and obtaining a shipment of property in the possession and custody of United

Case No.: 96-CR-565-MIDDLEBROOKS

Parcel Service from the person, presence and custody of an employee of the United Parcel Service, against his will and by means of actual and threatened force, violence and fear of injury to his person; in violation of Title 18, United States Code, Section 1951(a).

## Count VI

On or about June 11, 1996, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants, JOSE C. MORIN, LARRY MACKEY, CARLOS ALBERTO PRIETO, ALEXYS ARREDONDO, YOSVANY DIAZ, and JOEL SOCORRO, did knowingly and unlawfully attempt to obstruct, delay and affect commerce and the movement of articles and commodities in commerce, by robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b), in that the defendants attempted to unlawfully take and obtain a shipment of property in the possession and custody of United Parcel Service from the person, presence and custody of an employee of the United Parcel Service, against his will and by means of actual and threatened force, violence and fear of injury to his person; in violation of Title 18, United States Code, Section 1951(a) and 2.

## Count VII

On or about June 11, 1996, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants, JOSE C. MORIN, LARRY MACKEY, CARLOS ALBERTO PRIETO, ALEXYS ARREDONDO, YOSVANY DIAZ, and JOEL SOCORRO, did knowingly use and carry a firearm, that is, a Smith and Wesson .357 revolver, during and in relation to a crime of violence which is a felony prosecutable in a court of the Untied States, that is, a violation of Title 18, United States Code, Section 1951(a), as set forth in Count VI of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1) and 2.

6. The government stated a factual basis for the entry of the plea, which included all of the essential elements of the crimes to which Defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. The government also announced the possible maximum penalty in respect to the Indictment. Defendant acknowledged the possible maximum penalty which could be imposed in this case.

Case No.: 96-CR-565-MIDDLEBROOKS

7. Based upon all the foregoing and the plea colloquy conducted by this Court, the undersigned recommends to the District Court that Defendant YOSVANY DIAZ be found to have freely and voluntarily entered a guilty plea to Counts 3, 6 and 7 of the Third Superseding Indictment, as more particularly described herein, and that Defendant be adjudicated guilty of those offenses.

8. A pre-sentence investigation is being prepared for the District Court by the United States Probation Office, and sentencing for Defendant has been set for **Tuesday, June 15, 2010, at 10:30 a.m.**, at the United States District Court, Southern District of Florida, in the James Lawrence King Federal Justice Building, 11th Floor, Courtroom 1, 99 N.E. 4th Street, Miami, Florida.

**ACCORDINGLY**, the undersigned recommends to the District Court that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offenses to which the plea of guilty has been entered, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**DONE AND SUBMITTED** at Miami, Florida, this 2\_\_ day of April 2010.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Donald M. Middlebrooks
Counsel of Record
United States Probation, U.S. District Court